IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Sanders, ) | C/A No.: 1:09-1425-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| U.S. Department of Justice and Federal ) | |
| Bureau of Prisons, ) | |
| ) | |
| Defendants. ) | |
| ) | |

I.  Procedural Background

Plaintiff, Anthony D. Sanders ("Plaintiff"), filed this action under 42 U.S.C. § 1983 on June 1, 2009. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss or, in the alternative, for summary judgment on September 28, 2009. [Entry #15] Because Plaintiff is proceeding pro se, the court issued an order on September 29, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint [Entry #16]. Plaintiff filed a response in opposition on October 23, 2009. [Entry #19]  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.). Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

II.   Discussion

A.   Argument of Parties and Factual Allegations

Plaintiff is an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI") serving a 12-36 year term of imprisonment by the District of Columbia Superior Court for Rape while Armed. (Defendants' Exh. #1, Sentence Monitoring Computation Data). Plaintiff has a projected release date from this sentence on August 23, 2016, via Mandatory Parole. (Id.).

In the response to the motion for summary judgment, Plaintiff asserts that when he returned to FCI Edgefield for the second time, he received a "sentence monitoring computation data" sheet on March 17, 2008, generated from the office of Supervisory Inmate System Specialist, Sandra K. Lathrop, with remark stated "Not eligible for EDC Goodtime from Mini. Term-Violation of DC Code 22-3202." [Entry #19]. On March 20, 2008, Plaintiff asserts he filed an inmate request to Supervisory Inmate System Specialist Sandra K. Lathrop "whom official duty and responsibility is to make sure that inmates sentence computation are updated and accurate that which affiant set forth specific facts of affiant not being sentenced under the enhancement provision of District of Columbia Criminal Code Sec. 3202 of Title 22 which request went unanswered." [Entry #19]. Plaintiff asserts that Sandra Lathrop was "obligated to accept the dates on the DCDC Face Sheet as the official sentence calculation DCDC performed, or refer the challenged information of affiant sentence to the BOP Central Office ISM Operations section for

review unless being trained or qualified to make competent decisions vested/delegated by BOP Central Office ISM Operations." Id.

Plaintiff alleges that Defendants improperly withheld documents that he previously requested under the Freedom of Information and Privacy Acts ("FOIA/PA"). Specifically, Plaintiff alleges that on April 14, 2008, he mailed a FOIA/PA request to the Defendant agency requesting documentation that will verify:

- a). Federal Bureau of Prisons, Federal Correctional Institution-Edgefield, Supervisory Inmate Specialist, Sandra K. Lathrop, has a duly filed "Oath of Office."

- b.) Sandra K. Lathrop competence to execute the duties of her office as Federal Bureau of Prisons, Federal Correctional Institution-Edgefield, "supervisory Inmate Systems Specialist."

- c). Under what section (for example 22-3202(a)(1); (a)(2); (b); (c)) the District of Columbia Criminal Code 22-3202 (additional Penalty for Committing Crime When Armed) prohibits Federal correctional Institution-Edgefield, Inmate Anthony D. Sanders, #06132-007, from receiving a "Reduction" in his "sentence computation"/"Minimum and Maximum" terms of imprisonment pursuant to District of Columbia Code 24-429-educational Good Time.

(Complaint, p.2).

Plaintiff alleges that he received the standard "10 day letter" on July 24, 2008, assigning a request number of #2008-09123. (Complaint). On August 13, 2008, Plaintiff asserts the BOP knowingly and intentionally neglected, failed and refused to honor his FOIA/PA request. (Id.). He further asserts that on September 22, 2008, Plaintiff elected to treat the failure of the BOP to responsibly respond to his request as a denial of his request and filed an FOIA/PA in compliance with 28 CFR §16.9. (Id.). On November 10, 2008,

Plaintiff was advised by the Office of Information and Privacy that his Administrative Appeal was received on November 4, 2008, and assigned #09-0214. (Id.). On February 4, 2009, the Office of Information and Privacy advised Plaintiff that his administrative appeal had been remanded for further processing of the records responsive to his request, and for further search for responsive records. (Id.). On April 21, 2009, Plaintiff mailed a letter of "Inquiry" to the BOP regarding the status of the records responsive to his request as none had been sent. (Id.). At the time of the complaint, Plaintiff alleged that ten (10) working days had passed since the BOP received his FOIA/PA remanded request, he had not received the responsive records, and the agency had not claimed any exemptions from non-disclosure identifiable under the FOIA or the PA. (Id.). Plaintiff filed this action stating he has a statutory right to public information and records that he requested as there is no legal basis for Defendants' refusal. (Id.). Plaintiff requests declaratory relief in that he asks the Court to declare Defendants' refusal to disclose the records requested by Plaintiff as unlawful, issue an order to prevent the BOP from relying on their invalid practice of not responding, and to make a written finding that the circumstances surrounding the withholding raise a question whether there has been arbitrary or capricious agency action and make a referral of the matter for investigation to the Merit System pursuant to subsection (a)(4)(F). Plaintiff further requests costs and reasonable attorney fees. (Complaint).

Defendants filed a motion for summary judgment and submitted several declarations and Exhibits. Defendants argue that the FOIA Exemptions to withhold

information has been properly invoked. Additionally, Defendants assert that in the first response, Plaintiff was advised that 6 pages were being released in their entirety, 29 pages were withheld in their entirety and he was provided with the exemptions utilized for the 29 pages withheld. Defendants further assert, in the second response, that Plaintiff was advised that in addition to the previous 6 pages released, one additional page was being released in its entirety, 28 pages were being withheld in their entirety and Plaintiff was once again provided with the exemptions utilized for the 28 pages withheld. Therefore, Defendants assert this action should be dismissed.

B.     Standard for Summary Judgment

As previously stated, Defendants filed a motion to dismiss or in the alternative for summary judgment. As both parties submitted matters outside of the pleadings, the motion is being treated as one for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the

burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that Defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

C.   Subject Matter Jurisdiction

The United States stipulates that this court has subject matter jurisdiction over this matter because the Plaintiff resides in South Carolina, and the agency records are situated in South Carolina pursuant to 5 U.S.C. 552(a)(4)(B). The undersigned agrees.

D. Analysis

1. Response to FOIA/PA Request

Plaintiff alleges violations of his rights under FOIA, 5 U.S.C. §552(1). Defendants assert all of the documents requested by Plaintiff have been properly withheld under the PA. Even though copies of the District of Columbia Code are not documents maintained within the BOP's system of records, Defendants assert they released these documents as a courtesy to Plaintiff because they were used in computing his sentence. However, the remaining pages of responsive documents are documents contained within Mrs. Lathrop's Official Personnel File which are protected from disclosure under 5 U.S.C. 552a(b). Defendants contend the PA, except under certain circumstances, prohibits federal agencies from disclosing personal information that the agencies have compiled. Further, Defendants assert Mrs. Lathrop has not made a request for, or provided written consent for, the disclosure of documents contained in her Official Personnel file to Plaintiff.

Defendants have asserted that FOIA exemption (b)(6) and (b)(7)(C) apply to Plaintiff's request, as well as the PA.

Defendants submitted the declarations of Tami Cassaro and Larry Lathrop. Cassaro states that she is employed as the Supervisory Attorney for the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP), South Carolina Consolidated Legal Center (SCCLC), located at FCI-Edgefield. [Cassaro declaration, Entry #15-3]. Cassaro is responsible for the oversight of the daily operations of the SCCLC and is familiar with the policies and procedures for processing requests submitted

under the FOIA and Privacy Act. (Id.). Cassaro is familiar with the FOIA Request Number 2008-09123 filed by Plaintiff. (Id.).

Lathrop states that he is employed as a Paralegal Specialist for the DOJ, BOP, and SCCLC, located at the FCI-Edgefield. [Lathrop's declaration, Entry #15-2]. Lathrop's official responsibilities involve review and research in inmate civil legal matters, and he has access to records maintained in the ordinary course of business by the BOP. (Id.). Lathrop processed the FOIA Request Number 2008-09123 filed by Plaintiff. (Id.).

The BOP processes all requests by individuals for records pertaining to themselves and others under both the FOIA and PA in order to provide the requester the maximum disclosure authorized by law. (Lathrop's and Cassaro's affidavits). On July 24, 2008, the SCCLC received a request from Plaintiff for documents under the provisions of FOIA and PA requesting documentation that verified the following: (1) Inmate System Specialist, Sandra K. Lathrop, had a duly filed oath of office; (2) Sandra K. Lathrop's competence to execute the duties of her office; and (3) under what section of the District of Columbia Criminal Code prohibited Plaintiff from receiving a reduction in his sentence computation minimum and maximum terms of imprisonment for Educational Good Time Credits. (Id.). On July 24, 2008, the SCCLC sent a letter to Plaintiff acknowledging receipt of his request and assigning his request tracking number 2008-09123. (Id.). Lathrop is responsible for accepting, reviewing, assigning a tracking number, gathering requested documents, and responding to all FOIA/PA requests assigned to the SCCLC. (Id.). Therefore, Lathrop conducted a search for documents pursuant to Plaintiff's request

which resulted in locating a total of 35 pages of responsive documents. (Id.). Lathrop located one page of responsive documents in Sandra Lathrop's Official Personnel File the "Appointment Affidavit" that Lathrop executed when she began employment with the BOP. (Id.). In relation to the request for documentation concerning Lathrop's competency to execute the duties of her office, Lathrop located 28 pages of responsive documents in her Official Personnel File which consisted of her "Non-Bargaining Employee Performance Appraisal" forms utilized to improve employee performance, strengthen supervisor-employee relationships and communications, recognize employee accomplishments and good work, identify and correct work deficiencies, and guide personnel actions. (Id.). The form contains information such as a final rating on each performance standard, rating official's comments, reviewer's comments, chief executive officer comments, and the rating official's narrative comments for each job element. (Id.). Cassaro asserts that this document is the only document within a BOP employee's personnel file that would reflect one's competence in performing his/her job. (Id.).

In response toPlaintiff's request for documents concerning the District of Columbia Criminal Code for Educational Good Time Credits, Lathrop located 6 pages of responsive documents in Plaintiff's judgment and Commitment File and administrative written request he had made to Lathrop. (Id.). These documents consisted of 2 pages of Plaintiff's current sentence computation, and 4 pages of District of Columbia statutes explaining the awarding of institutional and educational good time credits. (Id.). On August 13, 2008, the SCCLC sent a letter to Plaintiff indicating that 35 pages of

documents responsive to his request were located and the documents were not being released under the PA because he had not obtained written consent from Lathrop to release her personal records, which Cassaro agreed was the correct determination. (Id.). Plaintiff was also advised that his request was considered under the FOIA and that 6 pages of documents were releaseable to him and the remaining 29 pages were being withheld under FOIA Exemptions 5 U.S.C. 552(b)(6) and 5 U.S.C. 552(b)(7)(C). The 6 pages of documents released to Plaintiff consisted of his current sentence computation (2 pages) and the District of Columbia statutes explaining the awarding of institutional and educational good time credits (4 pages). Plaintiff filed an appeal of this response to the Office of Information Policy (OIP) on November 4, 2008. (Id.). On November 10, 2008, the OIP sent Plaintiff a letter acknowledging receipt of his appeal. (Id.). On February 4, 2009, the OIP sent Plaintiff a letter advising that the request was being returned to the SCCLC for further search and processing. (Id.). The SCCLC was not copied on this letter or otherwise given notice of this remand. (Id.). Plaintiff made no inquiry to the SCCLC about the remand. On July 13, 2009, the SCCLC learned of the OIP's remand of Plaintiff's request while conducting research for this litigation and took immediate action to comply with OIP's remand. (Id.). On July 14, 2009, the SCLC sent a letter to Plaintiff indicating it had just learned of OIP's remand and reassessed his request. (Id.). Plaintiff was informed that 29 pages of responsive documents had been located and one additional page was being released in its entirety which was Lathrop's Appointment Affidavit (Id.). The other 28 pages were being withheld in their entirety under FOIA Exemptions 5

U.S.C. §552(b)(6) and 5 U.S.C. §552(b)(7)(C). (Id.). Cassaro concurred with this determination. (Id.).

Therefore, Plaintiff has been provided with 7 pages of documents responsive to his requests and 28 pages consisting of Lathrop's performance appraisal form have been withheld. (Id.). Lathrop also evaluated each record for segregability during the administrative process. (Id.). However, Lathrop determined, and Cassaro concurred, that the 28 pages of documents that were withheld in their entirety had no meaningful portion that could be released without destroying the integrity of such document as a whole or would disclose otherwise protected information. (Id.).

    2.    Analysis of Law

        a.    Privacy Act Claim Fails

Plaintiff alleges that the BOP is in violation of the PA. Insofar as Plaintiff seeks his remedy under the PA, his claim fails. Section 552a(b) states that "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. . ." Plaintiff has not shown that Lathrop has provided written consent or written request for Plaintiff to obtain a copy of her Personnel File. Therefore, his claim under the PA fails.

        b.    FOIA Claim Fails

Plaintiff also indicates that he is moving pursuant to the FOIA which directs agencies of the federal government to make certain information available to the public. 5

U.S.C. §552. The referenced section, 5 U.S.C. §552, provides that "[o]n Complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).[1] The district court's review is de novo, and the court "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in [ § 552(b) ]." Id. The agency has the burden to show that the documents at issue should be withheld. Id. FOIA "mandates a strong presumption in favor of disclosure," and the FOIA exemptions in subsection (b) must be "narrowly construed." Multi Ag Media LLC v. Department of Agriculture, 515 F.3d 1224, 1227 (D.C. Cir.2008) (internal citations and quotations omitted). While disclosure is favored under the FOIA, courts must nevertheless give effect to specific exemptions set forth in the FOIA. Donovan v. F.B.A. 806 F.2d 55 (2nd Cir. 1986).

     1.     Exemption 6 to FOIA

Defendants claim that Plaintiff's request for documents related to Lathrop are protected from disclosure by Exemption 6. Exemption 6 provides that this section does not apply to matters that are "personnel and medical files and similar files the disclosure

---

[1] Pursuant to the statute, venue is proper in any district court where the complainant resides or has his principal place of business or where the records are located. Further, venue is proper in the District of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Accordingly, many of the recent reported appellate FOIA decisions are from the United States Court of Appeals for the District of Columbia Circuit.

of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). In order for information to fall within Exemption 6, information must be personnel, medical, or similar files and a balancing of individual privacy interests against public interest in disclosure would constitute a clearly unwarranted invasion of personal privacy. Miami Herald Pub. Co. v. U.S. Small Business Administration, 670 F.2d 610 (5th Cir. 1982). As set out in the declarations of Lathrop and Cassaro, the personnel file of Lathrop contains "Non-Bargaining Employee Performance Appraisal forms utilized to improve employee performance, strengthen supervisor-employee relationships and communications, recognize employee accomplishments and good work, identify and correct work deficiencies, and guide personnel actions." [See Entry #15-2 and 15-3]. The form contains "information such as a final rating on each performance standard, rating official's comments, reviewer's comments, chief executive officer comments, and the rating official's narrative comments for each job element." (Id.). Defendants assert that this document is the only document within a BOP employee's personnel file that would reflect one's competence in performing his/her job. (Id.). With respect to information concerning employee job performance and personnel action, the Court recognizes that the information of this type would typically be found in a personnel file, and concludes that employees have a legitimate privacy interest in this type of information. See Department of the Air Force v. Rose, 425 U.S. 352 (1976)(results of examinations and evaluations of work performance).

2. Exemption (b)7(C) to FOIA

Defendants also claim that Defendant's request for documents related to Lathrop are protected from disclosure by Exmeption 7(C). To apply Exemption(7)(C), the agency must demonstrate that any records at issue are compiled for law enforcement purposes. 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) for law enforcement records is more protective of records than Exemption 6 for personnel files. Exemption 6 applies to any disclosure that could reasonably be expected to be an unwarranted invasion of privacy, while Exemption 7(C) applies to a disclosure that would constitute an invasion of privacy that is clearly unwarranted. U.S. Dept. of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994). Exemption (7)(C) provides that this section does not apply to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(7)(C). In determining whether a particular disclosure represents an unwarranted invasion of privacy, the Court must balance the individual's privacy interest against the public interest in disclosure. See Kiraly v. FBI, 728 F.2d 273, 277 (6th Cir.1984). Exemption 7(C) permits nondisclosure of the type of highly personal data normally found in a personnel file. Department of the Air Force v. Rose, 425 U.S. at 372.

Defendants contend that disclosure of the 28 pages withheld in reference to Lathrop would constitute an unwarranted invasion of personal privacy because the forms reveal personnel actions, job performance, reviewer's actions and comments and

evaluations. This type of information would typically be found in a personnel file and employees have a legitimate privacy interest in this type of information. (Id.). Whether a reasonably expected invasion is warranted is to be resolved by determining whether the invasion of privacy is justified by weightier public interests in disclosure. Massey v. F.B.I., 3 F.3d 620, 624 (2nd Cir. 1993). Defendants argue that disclosure of the information could lead to disruption in the prison general population and Lathrop's workplace, potentially embarrassing her or inciting jealousy among colleagues and such disclosure of this type could have a chilling effect on supervisor candor. Defendants assert that evaluators who know that their comments may be viewed by members of the general public or become the subject of gossip will be more guarded and less frank in their evaluations. Defendants further argue that there is no public interest in the Performance Evaluations at issue in this case, and it has long been held that the public interest contemplated by the FOIA is that of the general public, not a private litigant, *citing* Ditlow v. Shultz, 517 F.2d 166, 171-172 (D.C. Cir. 1975).

In this case, Plaintiff has not asserted a countervailing public interest to overcome the exemption. Plaintiff has requested information regarding Sandra Lathrop's ability or competence "to execute the duties of her office as Federal Bureau of Prisons, FCI-Edgefield, 'Supervisory Inmate System Specialist.'" [Entry #1 and #19). Plaintiff has been provided with a copy of Lathrop's Oath of Office. The remainder of the documents relate to her personnel file, which the court finds falls under Exemptions 6 and 7(C). Plaintiff fails to overcome this exemption by showing a public interest that outweighs her

privacy. Therefore, the documents withheld by the Agency in this action are properly exempted from disclosure under Exemptions 6 and 7(C).

Defendants have asserted that Lathrop's performance evaluations were withheld in their entirety because the BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document or disclosing otherwise protected information. [Cassaro and Lathrop declarations]. Because the factual portions of the document were not reasonably segregable and contained information which, if released, would place highly personal information about third parties into the public domain without their consent, the court finds the document was exempt from disclosure under this section as a personnel file. See St. Louis Post-Dispatch v. Federal Bureau of Investigation, 447 F.Supp. 31 (D.D.C. 1977).

III.   Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #15] be granted and this claim dismissed.[2]

---

[2] Plaintiff filed a motion for Vaughn Indexing. (Doc. # 17). If the District Judge adopts this report and recommendation, it is recommended that the motion by Plaintiff for Vaughn Indexing be denied. The Fourth Circuit stated that "[t]he Vaughn index is a list which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA. It is called a Vaughn index by reason of the decision in which the use of the index was first discussed Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)." Ethyl Corp. v. U.S.E.P.A. 25 F.3d 1241 (4th Cir. 1994). In this case, Defendants submitted the declaration of Lathrop which sets forth the documents withheld in detail, the exemptions provisions relied upon for the withholding, as well as what is contained in the withheld documents. The only documents withheld are 28 pages of personnel records. Defendants have provided sufficient detail even though the document was not entitled a "Vaughn Index." See Antonelli v. Sullivan, 732 F.2d 560 (7th Cir. 1983).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 9, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**